IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :       CASE NO.  09-09187(ESL)

ROSA M. MELENDEZ TORRES           :       CHAPTER 13

                                          :       **FILED & ENTERED**

       Debtor                             :
                                                  JAN 1 0 2012
_____           :
                                                  U.S. BANKRUPTCY COURT
                     OPINION AND ORDER             SAN JUAN, PUERTO RICO

       On January 19, 2011 the United States Bankruptcy Appellate Panel for the First Circuit ("BAP") vacated this court's orders of May 10, 2010 and May 24, 2010 granting debtor's objection to the claim filed by Banco Popular de Puerto Rico ("BPPR") and denying BPPR's motion for reconsideration. The BAP found that this court erred in sustaining Debtor's vague objection and remanded the case for further proceedings.  On March 24, 2011 the Debtor filed an amended objection to the amended claim filed by BPPR. The amended objection was opposed by BPPR. The court scheduled the matter for a pretrial conference to be held on April 29, 2011. A pretrial report was filed on April 26, 2011 wherein the parties detailed the uncontested facts, contested facts and legal issues.

       During the pretrial hearing the parties agreed to the disposition of several matters. The court allowed as reasonable the amount of $75.00 for attorney's fees and $65 for expenses. Upon the agreement of the parties the court ordered the Chapter 13 trustee to stop payment to unsecured creditors until the pending issues related to BPPR's proof of claim were ultimately decided by this court.  The parties further agreed that the Chapter 13 trustee may disburse the amount of $375 for expenses incurred in filing the appeal to the BAP.  Three issues remained pending after the pretrial hearing: first, whether an oversecured creditor may claim post petition fees and expenses in the proof of claim filed for amounts owed prepetition; second, whether the attorney's fees and expenses incurred by BPPR in prosecuting the appeal are an administrative expense that may be claimed when the BAP did not award costs and expenses to the prevailing party; and, third, assuming that BPPR

may claim the administrative expenses, if the same are actual and reasonable. See minutes and transcript of the pretrial hearing, dkt. #s 51 and 53.

BPPR filed its brief in compliance with this court's order. BPPR alleges that in the particular circumstances of this case it is irrelevant if the fees are treated as an administrative expense or as an expense of an oversecured creditor. Debtor alleges that a request for postpetition fees and expenses must comply with the requirements of 11 U.S.C. § 506(b), Rule 2016(a) of the Fed. R. Bankr. P., and LBR 2016-1. The Chapter 13 trustee filed a comprehensive brief acknowledging the conflicting approaches that bankruptcy courts have take on the issues before the court and concluded that the best approach is the one adopted by the debtor, that is, that an application for postpetition fees and expenses be required. BPPR replied alleging that the terms of the contract entitle the to the fees and expenses requested and that the Chapter 13 trustee's position is not supported by applicable law.

## Discussion

At the outset, the court notes that there is clear difference between claiming prepetition fees and expenses and postpetition fees and expenses in a Chapter 13 case. Recently, this court concluded that Section 1322(b), in conjunction with Section 1322(e) override and displace § 506(b) and Rule 2016 for prepetition fees and expenses. In re Virgen P. Mercado Alvarez, ___ B.R. ___, 2011 WL 4101506 (Bankr. D. Puerto Rico, September 9, 2011). This court found that prepetition fees and expenses were determined solely in accordance with the underlying agreement and applicable non bankruptcy law, and that the same were not subject to the reasonable standard required by the federal bankruptcy law. A request for postpetition fees and expenses is different.

Congress expressly provided in Section 1322(e) as a requirement to confirm a Chapter 13 plan that prepetition fees and expenses be determined in accordance with the underlying contract and applicable state law. However, postpetition fees and expenses incurred by mortgage lenders in protecting their security interests over debtor(s)' home directly impinge on the equitable distribution to creditors, and Congress did not include any provision governing this situation as it did in Section 1322(b). Consequently, the general reasonableness standard in § 506(b) and Rule 2016 come into effect.

The court in In re Benjamin Allen Padilla, 379 B.R. 643 (Bankr. S.D. Texas 2007), considered

2

and explained in detail the issue before this court, that is, if postpetition fees and expenses in Chapter 13 are subject to § 506(b) and Rule 2016. The court concluded that they did. This court agrees with and adopts the reasoning in the above cited case. Consequently, the court concludes that BPPR's request for postpetition fees and expenses must be made under section 506(b) and Rule 2016, and that the same are subject to the actual and reasonable standard.

Conclusion

In view of the foregoing, the court orders BPPR to file an application for postpetition fees and expenses following § 506(b) and Rule 2016 within 14 days. The debtor and the Chapter 13 trustee shall file an opposition within 21 days from its filing.

SO ORDERED.

In San Juan, Puerto Rico, this ___ day of ~~October 2011~~. 9th January 2012

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge